**[Cite as *In re N.M.C.*, 2026-Ohio-2898.]**

THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| [In the Matter of: | : | No. 25AP-916 |
| N.M.C., | : | (C.P.C. No. 23JU-9441) |
| Appellant]. | : | (REGULAR CALENDAR) |
| | : | |
| [In the Matter of: | : | No. 25AP-917 |
| N.M.C., | : | (C.P.C. No. 23JU-10992) |
| Appellant]. | : | |
| | : | (REGULAR CALENDAR) |
| | : | |
| [In the Matter of: | : | No. 25AP-918 |
| N.M.C., | : | (C.P.C. No. 25JU-7053) |
| Appellant]. | : | |
| | : | (REGULAR CALENDAR) |
| | : | |
| [In the Matter of: | : | No. 25AP-919 |
| N.M.C., | : | (C.P.C. No. 22JU-2775) |
| Appellant]. | : | |
| | : | (REGULAR CALENDAR) |
| | : | |
| [In the Matter of: | : | No. 25AP-920 |
| N.M.C., | : | (C.P.C. No. 23JU-9132) |
| Appellant]. | : | |
| | : | (REGULAR CALENDAR) |

D E C I S I O N

Rendered on July 28, 2026

---

**On brief:** *Shayla D. Favor*, Prosecuting Attorney, and *Jeffrey D. Devereaux* for appellee.

**On brief:** *Elizabeth R. Miller*, Office of Ohio Public Defender, and *Faith M.R. Edwards* for appellant.

---

APPEAL from the Franklin County Court of Common Pleas, Division of Domestic Relations, Juvenile Branch

MENTEL, J.

{¶ 1} Defendant-appellant, N.M.C., appeals from a judgment entry from a dispositional hearing of the Franklin County Court of Common Pleas, Division of Domestic Relations, Juvenile Branch, imposing both consecutive and concurrent periods of commitment to the Ohio Department of Youth Services ("DYS") for various parole violations. For the reasons that follow, we reverse.

## I. FACTS AND PROCEDURAL HISTORY

{¶ 2} Prior to the adjudication in Juvenile case No. 25JU-7053, N.M.C. was adjudicated delinquent in Juvenile case Nos. 22JU-2775, 22JU-3101, 23JU-10992, 23JU-7485, 23JU-7988, 23JU-9000, 23JU-9132, 23JU-9441, and 24JU-6627.

{¶ 3} On June 2, 2025, the juvenile court released N.M.C. on parole under the supervision of the DYS. After a warrant was issued for various parole violations, N.M.C. was arrested on or around July 24, 2025. On September 4, 2025, the juvenile court adjudicated N.M.C. delinquent for receiving stolen property and failure to comply. The juvenile court also found parole violations in the above-referenced cases. A presentence investigation was ordered, and a hearing was scheduled for September 29, 2025.

{¶ 4} At the conclusion of the September 29 hearing, the juvenile court committed N.M.C. to six months in DYS for failure to comply to be served consecutively to six months in DYS for receiving stolen property. The juvenile court went on to impose consecutive 90-day commitments in 22JU-2775, 23JU-9132, 23JU-9441, and 23JU-10992. Finally, the juvenile court ordered 90-day commitments for the parole violations in 22JU-3101, 23JU-9000, 23JU-7485, 23JU-7988, and 24JU-6627 to run concurrently to the four other cases for parole violations.

{¶ 5}   N.M.C. filed a timely notice of appeal.

## II. ASSIGNMENTS OF ERROR

{¶ 6}   N.M.C. assigns the following as trial court error:

[1.] The Franklin County Juvenile Court acted without statutory authority and erred as a matter of law when it imposed consecutive periods of commitment for juvenile parole violations, in violation of R.C. 5139.52(F).

[2.] N.M.C. was deprived of his constitutional right to the effective assistance of counsel, in violation of U.S. Const., amends. V; XIV; and Ohio Const., art. I, § 10.

## III. LEGAL ANALYSIS

### A. N.M.C.'s First and Second Assignments of Error

{¶ 7}   N.M.C. first challenges the juvenile court's imposition of consecutive periods of commitment for parole violations arguing it is contrary to R.C. 5139.52(F).  N.M.C.'s also alleges the denial of effective assistance of counsel.  For harmony of analysis, we will address both assignments of error together.

{¶ 8}   As an initial matter, defense counsel failed to object to the trial court's imposition of consecutive periods of commitment for parole violations based on the statutory language of R.C. 5139.52(F).  As such, N.M.C. has waived all but plain error review.  *See, e.g.*, *Columbus v. Carmichael*, 2023-Ohio-1386, ¶ 9 (10th Dist.), citing *Columbus v. Coleman*, 2022-Ohio-4478 (10th Dist.), citing Crim.R. 52(B) ("Generally, where a party fails to object during the trial court proceedings, we review the assigned error under a plain error standard of review.").  In order to satisfy the plain error review, an appellate court must find "(1) 'an error, *i.e.*, a deviation from a legal rule;' (2) the error is plain or obvious; and (3) the error affected the outcome of the trial court proceedings." *Carmichael* at ¶ 11, quoting *State v. Barnes*, 94 Ohio St.3d 21, 27 (2002).  A sentence that is determined to be contrary to law fulfills this three-part test. *Id.*

### B. R.C. 5139.52(F)

{¶ 9}   R.C. 5139.52(F) provides in relevant part:

If the court orders the child to be returned to a department of youth services institution, the child shall remain institutionalized for a minimum period of ninety days . . . and the period of institutionalization shall be served

concurrently with any other commitment to the department of youth services.

{¶ 10} The above language in R.C. 5139.52(F) went into effect on September 19, 2014. Ohio courts have held, and we agree, that the current iteration of R.C. 5139.52(F) was an effort by the General Assembly to abrogate the Supreme Court of Ohio's ruling in *In re H.V.*, 2014-Ohio-812, which upheld a juvenile court's judgment ordering a juvenile to serve a commitment for a supervised-release violation consecutive to a commitment for a new offense. *See, e.g., In re J.R.*, 2019-Ohio-2594, ¶ 4 (2d Dist.), fn. 1. As succinctly stated by one of our sister districts, under R.C. 5139.52(F), "[s]entences for juvenile parole violations must be served concurrently. There is no other alternative." *In re R.H.*, 2017-Ohio-7064, ¶ 7 (8th Dist.); *see also J.R.* at ¶ 4 ("the trial court was obligated by statute to order the 90-day commitment for the supervised-release violation to be served concurrently with the others it imposed").

{¶ 11} In the case sub judice, the juvenile court ordered N.M.C. to serve 4 consecutive 90-day commitments for parole revocation in contravention to the plain language of R.C. 5139.52(F). As conceded by the state, the juvenile court's imposition of consecutive 90-day commitments in 22JU-2775, 23JU-9132, 23JU-9441, and 23JU-10992 is contrary to R.C. 5139.52(F) and amounts to plain error.

{¶ 12} Accordingly, N.M.C.'s first assignment of error is sustained. We reverse the juvenile court's judgment imposing consecutive 90-day commitments to DYS. This cause is remanded for the juvenile court to impose concurrent 90-day commitments to DYS for all supervised release violations that are subject to this appeal consistent with R.C. 5139.52(F). Because we sustain N.M.C.'s first assignment of error, his second assignment of error regarding ineffective assistance of counsel is rendered moot. App.R. 12(A)(1)(c) ("Unless an assignment of error is made moot by a ruling on another assignment of error, [a court of appeals shall] decide each assignment of error and give reasons in writing for its decision.").

## IV. CONCLUSION

{¶ 13} Based on the foregoing, N.M.C.'s first assignment of error is sustained, and second assignment of error is denied as moot. The judgment of the Franklin County Court

of Common Pleas, Division of Domestic Relations, Juvenile Branch is reversed, and this cause is remanded with instructions.

*Judgment reversed;*
*cause remanded with instructions.*

BOGGS, P.J. and BEATTY BLUNT, J., concur.

————————————